## Elgin Estate

*Stephen F. Poklemba,* for executor.

*James R. English.* and *Richard E. Enterline,* for exceptant.

PER CURIAM, March 10, 1958.—Agatha Elgin died testate on November 1, 1955, and letters testamentary were duly issued to Peter Elgin, the executor named in decedent's will. The executor filed his first and final account on July 10, 1956, showing a balance for distribution. The account included a family exemption for the executor in the amount of $750.

Florence Forman, a daughter of the deceased and a residuary legatee under the will, filed exceptions to the account in which she excepted to the payment of the family exemption claimed by Peter Elgin and to an item of credit in favor of Ida Elgin for advances for funeral guests. On September 10, 1956, the court appointed Andrew M. Pipa, Jr., Esq., auditor, to pass upon the exceptions filed and settle and adjust the said account. The auditor entered upon the duties of his appointment and after due notice and hearing, gave notice of the completion of his report and intention to file the same.

In this report, the auditor allowed the family exemption and disallowed the credit for advances for funeral guests made by Ida Elgin. Exceptions to his findings of fact and conclusions of law in the award-

ing of the family exemption to Peter Elgin were filed by Florence Forman. In his supplemental report, the auditor overruled these exceptions and they are now before the court for disposition.

Four exceptions were filed by exceptant. The first exception is that the auditor erred in finding that a household relationship existed between Peter Elgin and his mother, testatrix, at the time of her death. The second and fourth exceptions are to the conclusion of the auditor that the claim for the family exemption be allowed. The third exception is directed to certain findings of fact of the auditor to the effect that the deceased had moved to the Village of Atlas, Mt. Carmel Township, Northumberland County, sometime in September 1955, and made her home with her son, Peter Elgin, claimant, intending to continue living at and remaining in Atlas and becoming part of the family household.

The exceptions require us to determine whether claimant formed a part of the household of decedent at the time of her death, and is thus entitled to the family exemption of $750. Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.211, provides that where there is no spouse, "such children as form a part of the decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate", property to the value of $750. This section was amended (Act of February 23, 1956, P. L. (1955) 1084, sec. 2), to provide that "such children as are members of the same household as the decedent" may claim the exemption. The auditor properly did not consider the act as amended inasmuch as the amendment did not become effective until after decedent's death.

Claimant's right to the family exemption is based on the existence of the family relationship in claim-

ant's residence with decedent in a single dwelling at the time of her death. This right is not dependent upon who is the provider, owner or lessee of the premises occupied or who is the dominant factor in this domestic establishment. It is sufficient if the child-claimant and decedent lived together within one dwelling as members of a domestic unit and as part of the same household: Niedzielski Estate, 4 D. & C. 2d 290, 293.

In Bates Estate, 73 Montg. 144, the family exemption was awarded to claimant daughter with whom decedent lived at the time of his death, citing with approval Niedzielski Estate, supra.

While exceptant does not seriously contend that the right to the exemption is dependent upon who is the provider, owner or lessee of the premises occupied, she does contend that claimant has failed to show that his mother was a part of the household. It is her contention that she was a mere visitor, it having been her custom to live with her sons and daughters for short periods of time and that when she came to the home of claimant, it was only for a visit which was to terminate at Thanksgiving.

The findings of fact of the auditor are entitled to great weight and should not be set aside unless the evidence is insufficient to sustain such findings. He has had the benefit of hearing the various witnesses testify and was in a much better position than the court to pass upon the credibility of their testimony. The auditor found that decedent moved to the Village of Atlas, Mt. Carmel Township, Northumberland County, from New York City sometime in September 1955, and that she intended to and did make her home with her son, claimant, Peter Elgin, that she did make a practice of visiting various children for different periods of time and because of these visits, had had no previous residence or household, that decedent intended to continue living at and remaining in Atlas and that she became

part of the family household at the Atlas address, sharing a common table.

There is testimony to support these findings of fact on the part of the auditor. Decedent became ill in October and was bedfast at claimant's home for a period of about two weeks and was then taken to a hospital where she died. While in the home of claimant, she shared the comforts of the same with the other members of the family, although she did not contribute to the expenses of maintaining the home. She did give claimant $100 at the time she was taken to the hospital for the purpose of paying expenses.

When decedent came to reside at the home of claimant, her daughter, Jean Santry, gave her a check in the sum of $1,943 which represented decedent's money held by the daughter for her. Claimant testified that he found the check after she had died but knew that she had it prior to her death. There was some testimony that she intended to open a bank account. Claimant testified that in September when she came to his place, his mother wanted to bring all of her stuff there and stay, and told him that she was going to continue to live with him for the rest of her life.

We are of the opinion that there is sufficient testimony to support the findings of fact and conclusions of law of the auditor and we cannot disturb the same. The auditor properly found that decedent was a member of claimant's household and that they maintained a family relationship and properly awarded to claimant the family exemption in the sum of $750.

### Order

And now, to wit, March 10, 1958, the exceptions of Florence Forman are hereby overruled and dismissed and the conclusion of the auditor in awarding the family exemption in the sum of $750 to claimant, Peter Elgin, is hereby confirmed. The schedule of distribu-

tion included in the auditor's report is likewise confirmed.

Costs to be paid by the estate. An exception is noted for Florence Forman, exceptant.